914 So.2d 1183 (2005)
STATE of Louisiana, Appellee
v.
Melvin Dewayne PUGH, Appellant.
No. 40,287-KA.
Court of Appeal of Louisiana, Second Circuit.
November 2, 2005.
*1184 Mary Constance Hanes, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, Matthew Altimus Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and MOORE, JJ.
GASKINS, J.
The defendant, Melvin Dewayne Pugh, was originally indicted for first degree murder in the beating death of his infant daughter. However, he entered an Alford[1] plea to the lesser offense of manslaughter.[2] For this offense, he was sentenced to 22 years at hard labor.[3] The defendant appeals his sentence for manslaughter as excessive. We affirm.
On September 29, 2002, the defendant went to the crib of his crying six-week-old *1185 daughter. He struck the baby several times about the head and then threw her to the floor. The victim lapsed into a coma and died of a subdural hematoma several days later.
Following imposition of sentence, the defendant filed a motion to reconsider. He argued that the sentence was excessive because he was a youthful offender, he had no significant criminal history, and the circumstances warranted a lesser sentence. The motion was denied.
On appeal, the defendant contends that the 22-year sentence for manslaughter is excessive under the circumstances of this case. He asserts that he did not intentionally harm his daughter and that he is "profoundly remorseful."
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. The second prong of the test is whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Haley, 38,258 (La. App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710.
A review of the record shows that the trial court adequately considered the factors set forth in La. C. Cr. P. art. 894.1. The court noted that it had reviewed the presentence investigation report, as well as a mental health evaluation performed on the defendant. In considering the defendant's criminal history of second degree battery and simple battery, the court also reviewed documents submitted by defense counsel detailing the mitigating factors associated with those convictions.
The maximum sentence for manslaughter is 40 years at hard labor. La. R.S. 14:31. The 22-year sentence imposed by the trial court was well within the statutory range for this brutal crime in which a helpless infant was beaten and killed by her own father. The defendant, who was 25 years old at the time of the offense, was not a youthful offender.
Furthermore, the defendant received substantial benefit from the plea bargain by which he received a significant reduction in potential sentencing exposure. In addition to reducing the charge from first degree murder to manslaughter, the state also agreed to not file a habitual offender bill against the defendant.
On this record, we find no showing of abuse by the trial court in its imposition *1186 of sentence. Accordingly, this assignment of error is meritless.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
BROWN, C.J., concurs with written reasons.
BROWN, C.J., Concurring.
This defendant was indicted for first degree murder of his six-week-old child. He struck the infant and threw her from the crib to the floor. The state reduced this charge to manslaughter, and defendant entered an Alford plea. An Alford plea is a guilty plea where a defendant does not admit the underlying facts but asserts his innocence. The supreme court in North Carolina v. Alford, supra, held that while there is no constitutional right to plead guilty while professing innocence, a trial court may accept such a plea if the defendant intelligently and voluntarily concludes that it is in his interests to do so. In this case, the evidence of guilt was overwhelming, and defendant struck a plea bargain to avoid both a capital verdict and a life prison term. For the judge to accept an Alford plea, the court must be satisfied that there is significant evidence of actual guilt. In this case, the record contained strong evidence of guilt as to first degree murder. In particular, there were statements from an eye-witness, convincing medical documents, and statements by defendant. Defendant's sentence of 22 years on the manslaughter charge was a good deal for defendant and clearly not excessive.
However, at the time of the Alford plea to manslaughter, the state filed a bill of information charging obstruction of justice to first degree murder. It is arguable that the obstruction charge should have been to manslaughter; however, no motion to quash was filed. The situation is further aggravated in that the record does not show any factual basis for the obstruction charge.
In an error patent review of an Alford plea, Judge Marvin writing for the court in State v. Jordan, 619 So.2d 648, 650 (La. App. 2d Cir.1993), stated "[W]ithout strong evidence of actual guilt in the record, the plea ... must be declared not to be intelligent, and (thus) involuntary." As to the obstruction charge, the record contains only a one-sentence statement by the prosecutor that some items (unidentified) fell from the crib to the floor "thereby altering the crime scene." Without significant evidence of actual guilt in the record, the trial court was wrong in accepting the Alford plea to obstruction of justice.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] The defendant also entered an Alford plea to a charge of obstruction of justice for moving items at the crime scene; he received a concurrent sentence of two years at hard labor for this offense. However, the present appeal arises only from the defendant's manslaughter conviction.
[3] The court specified that since the case involved a crime of violence, the defendant was not eligible for parole, probation or suspension of sentence until he served 85 percent of his sentence, pursuant to La. R.S. 14:2(13) and La. R.S. 15:574.4(B). We note that La. R.S. 15:574.4(B) addresses only parole eligibility. However, under La. R.S. 14:31(B), the defendant was not eligible for probation or suspension of sentence.