STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-365

STATE OF LOUISIANA

VERSUS

PAUL E. WILSON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2926-04
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**


John F. DeRosier
District Attorney
Post Office Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

G. Paul Marx
Post Office Box 82389
Lafayette, LA 70598
(337) 237-2537
COUNSEL FOR DEFENDANT/APPELLANT:
    Paul E. Wilson

AMY, Judge.

The defendant was charged by bill of information with aggravated second degree battery in violation of La.R.S. 14:34.7. He pled guilty to the amended charge of aggravated battery in violation of La.R.S. 14:34.[1] The defendant was sentenced to five years with the Department of Corrections, to run consecutively to any sentence he was currently serving in Texas. The trial court denied his motion to reconsider sentence. The defendant now appeals.

Appellate counsel has filed an *Anders* brief in this matter. For the following reasons, we affirm and grant appellate counsel's motion to withdraw.

### Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent.

First, the face of the bill of information indicates that the defendant was originally charged with one count of aggravated second degree battery occurring on or about September 7, 2000, a violation of La.R.S. 14:34.7. The State amended the bill to charge the defendant with aggravated battery occurring on or about "10-22-98 and September 7, 2000" and listed the victim as Michael Berry. It appears that the bill charged two distinct crimes in a single count. Louisiana Code of Criminal Procedure Article 493 allows for the joinder of two or more offenses in the same bill *in a separate count for each offense* if certain requirements are met. Here, the bill indicates that these incidents occurred two years apart. Therefore, we find that the

---

[1] According to the facts adduced at the guilty plea proceedings, on October 28, 1998, the defendant approached Michael Berry and demanded money. Berry threw money on the ground, and the defendant stabbed him in the chest. Additionally, on September 7, 2000, the defendant went to the home of George Colton and stabbed him in the chest.

inclusion of the two distinct crimes in one count of the bill was error; however, for the reasons discussed below, we find that any error was waived.

This court in *State v. Simpson*, 464 So.2d 1104, 1109 (La.App. 3 Cir. 1985), defined duplicity as "the charging of more than one distinct crime in one count of an indictment." The fourth circuit, in a case in which the indictment improperly charged the defendant disjunctively rather than conjunctively, held that a claim that an indictment is duplicitous is not a jurisdictional defect and is waived if not timely asserted in a motion to quash. *State v. Defraites*, 449 So.2d 540 (La.App. 4 Cir.), *writ denied*, 452 So.2d 179 (La.1984). Here, no motion to quash was filed. Additionally, when the defendant entered his guilty plea, he waived any pre-plea non-jursidictional defects. Thus, we find any error was waived.

Second, the bill does not contain the statutory citation for aggravated battery, the amended offense as required by La.Code Crim.P. art. 464. Article 464 also provides: "Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." Here, the defendant does not allege any prejudice because of the missing citation. Further, by entering an unqualified guilty plea, the defendant waived review of this pre-plea non-jurisdictional defect. *See State v. Crosby*, 338 So.2d 584 (La.1976).

*Anders Brief*

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the defendant's appellate counsel has filed an *Anders* brief stating that he could find no errors on appeal that would support reversal of the defendant's conviction or sentence. Therefore, counsel seeks to withdraw.

2

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. As discussed in the error patent section, review of any errors in the bill of information was waived. *See Crosby*, 338 So.2d 584. The defendant was present and represented by counsel at all critical stages of the proceedings, and he entered a free and voluntary guilty plea after being properly advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The defendant also received a legal sentence.

Accordingly, we affirm the defendant's conviction and sentence. Finding no issues which would support an assignment of error on appeal, we grant appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**