NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1485


STATE OF LOUISIANA

VERSUS

N. M., JR.


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16069-08
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


************


JIMMIE C. PETERS
JUDGE


************


Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.


**AFFIRMED.**

Carla S. Sigler
Assistant District Attorney
Fourteenth Judicial District
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
      State of Louisiana

G. Paul Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598
COUNSEL FOR DEFENDANT/APPELLANT:
      N. M., Jr.

PETERS, J.

The defendant, N. M.,[1] appeals the sentence imposed on him for violation of La.R.S. 81.2, molestation of a juvenile. For the following reasons, we affirm the sentence but remand the matter to the trial court for the establishment of a payment plan for the fine and cost obligations imposed on the defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

Initially, the State of Louisiana (state) charged the defendant by grand jury indictment with two counts of molestation of a juvenile. The initial indictment charged that the defendant had molested two separate victims over a period between May 23, 2005, to February 1, 2008. However, on May 13, 2009, the state amended the indictment to charge a single count, which included the defendant's conduct with both victims, and to limit the time of the offenses to a period "between May of '05 and February of '06." In response, the defendant entered a *nolo contendre* plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). Thereafter, on July 17, 2009, the trial court sentenced the defendant to serve fifteen years at hard labor, suspended three of the fifteen years, and placed the defendant on five years of supervised probation upon his release from custody.

The state presented the factual basis for the charge on May 13, 2009, by stating the following:

> If called to trial, the State would show that between May 23 of 2005 and February of 2006 this defendant did touch two juvenile females, one having the initials of J.V. whose date of birth is 5/23/2000; the other having the initials of K.M. whose date of birth is 12/20 of '97. During that time period these two girls would visit the home of this defendant because they would visit their mother who was his wife at the time. He was in a position of having supervision and control; and, according to both girls, at different time periods he touched both of them

[1]Pursuant to the requirements of La.R.S. 46:1844(W), we will identify all of the parties by initials to protect the identity of the victims.

in their vaginal area with his hand, and this did occur in Calcasieu Parish.

## ERRORS PATENT EVALUATION

Pursuant to the mandate of La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. In the matter before us, we find two such errors. Additionally, we find that the minutes of the trial court require correction.

First, we note that there is an error with regard to the indictment as amended. As previously stated, the state charged the defendant with two separate counts of molestation of different victims. However, the state fell into error when it amended the grand jury indictment to combine both offenses in a single count.[2] *See State v. Wilson*, 07-365 (La.App. 3 Cir. 10/3/07), 968 So.2d 776. However, despite the fact that the indictment erroneously included two distinct offenses in a single count, the error was waived by the defendant's failure to file a motion to quash. Additionally, by entering a guilty plea, the defendant waived any pre-plea non-jurisdictional defects. Thus, we find that the defendant has waived any complaint concerning the pre-plea non-jurisdictional defect. *Id. See also State v. Despanie*, 06-1269 (La.App. 3 Cir. 2/7/07), 949 So.2d 1260.

Next, we note that, as a condition of probation, the trial court ordered the defendant to pay a $3,000.00 fine and court costs, specifying that the payment "will be spread out in 60 months over the course of his supervised probation on a payment plan that will be prepared by the Office of Probation & Parole."[3]

---

[2]We recognize that the supreme court held in *State v. Ware*, 345 So.2d 33 (La.1977), that the state may charge the defendant with one count of an offense and, in doing so, identify two victims in the charging instrument. However, the situation before the supreme court in *Ware* involved two victims of a single armed robbery. The matter before us is distinguishable in that it does not concern a single transaction involving a single set of facts.

[3]We note that the trial court also stated that if the defendant was unable to make the payments, the trial court would allow him to do community service at the rate of $7.00 for every hour of court-approved community service.

2

Nothing in the law precludes the trial court from seeking assistance from outside sources, including the Office of Probation and Parole, in formulating an appropriate payment schedule. However, the trial court must impose the payment plan and not leave it up to the discretion of an outside source. In *State v. Mayes*, 07-1500, p. 3 (La.App. 3 Cir. 4/30/08), 982 So.2d 265, 267, *writ denied*, 08-1175 (La. 2/6/09), 999 So.2d 768, this court, when presented with a similar issue, remanded the matter to the trial court "with the instruction that the trial court either establish a payment plan for the fine, costs, and fees, or allow Probation and Parole to do so, *subject to court approval*." We find it necessary to take the same action in the matter now before us.

With regard to the trial court minutes of July 17, 2009, they incorrectly reflect the sentence imposed by the court. The minutes state that the court ordered, as a condition of probation, "that defendant pay a fine of $3,000 and Court costs divided into sixty (60) equal installments. . . ."[4] As discussed above, the trial court ordered that the fine and costs be spread over a sixty-month period, but also ordered that it would be pursuant to a payment plan to be prepared by the Office of Probation and Parole. While the effect of this error is rendered moot by our remand to establish a payment plan, the July 17, 2009 trial court minutes still need to be corrected to reflect the trial court's ruling.

The trial court minutes of July 17, 2009, also state that, as a condition of probation, the trial court sentenced the defendant to serve home incarceration for a period of two years. However, the sentencing transcript stated that the trial court only

---

[4]If the court had in fact ordered the fine and costs to be paid in sixty equal installments as reflected in the court minutes, there would be no need for a remand as that would be an adequate payment plan.

3

ordered that the defendant be "subject to and will be submitted to electronic monitoring initially during the first two years of his release." "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, we must remand this matter to the trial court for this correction as well.

## EXCESSIVENESS OF SENTENCE

In his single assignment of error, the defendant asserts that his fifteen-year sentence is excessive. Specifically, he asserts that he received the maximum sentence for his offenses and that such a severe sentence is not appropriate because he is not the worst type of offender.

At the time the offenses were committed, J.V. was between five and six years old and K.M. was between seven and eight years old. Louisiana Revised Statutes 14:81.2(E) currently provides for a minimum incarceration sentence of twenty-five years at hard labor and a maximum incarceration sentence of ninety-nine years at hard labor if the victim is under the age of thirteen. However, in its amended indictment, the state limited the time period wherein the offense[s] occurred to a period before La.R.S. 14:81.2(E) was added to the statute.[5] Prior to the addition of La.R.S. 14:81.2(E), the sentencing provisions of La.R.S. 14:81.2 did not differentiate in penalty for a victim under the age of thirteen. Instead, it provided in La.R.S. 14:81.2(C) for a separate penalty in a situation "when the offender has control or supervision over the juvenile." The maximum sentence under that provision was fifteen years at hard labor.

---

[5]Louisiana Revised Statutes 14:81.2(E) was added by the Louisiana Legislature in Acts 2006, No. 103, § 1.

Before sentencing the defendant, the trial court considered the contents of a pre-sentence investigation report as well as a number of letters attached to that report. Additionally, at the sentencing hearing, the aunt of one of the victims appeared to assert the pain and anguish her niece suffered as a result of the defendant's actions as well as the fear the child had of the defendant's return to the home. In the end, she requested the maximum sentence.

In argument, the defendant's counsel pointed to the defendant's substance abuse as a mitigating factor. That is to say, the defendant had memory loss at times and knew not what he did. Additionally, counsel for the defendant asserted that his very negative upbringing and family background had much to do with his current situation. The defendant then addressed the court with the following comments:

> I want to say that nothing like this has ever occurred in my life, my heart or my soul to be a child predator or a child molester. I was under the influence of narcotics and alcohol and I did blackout at times, and I have no explanation. But I also want to apologize to the family of J. V. and I know it probably don't mean much, but I never meant to hurt anybody. It was not my intention whatsoever, and I just wanted to apologize to them for the suffering that they're going through because of this situation and the child, and I would just ask that they forgive me one day.

In sentencing the defendant, the trial court recognized that La.R.S. 14:81.2(C), as it read at the time of the offenses, was the appropriate sentencing provision and noted that the defendant was forty-two years of age, had a ninth grade education, and was a dry wall finisher and painter by trade. The trial court further stated:

> The offender used his position to facilitate the commission of the offense. He was the stepfather and had control over those individuals in a supervisory position. The offender used threats of violence in the commission of the offense, specifically stating, if anything were to be said, then your mom would be injured or killed, as well as threatening pets.

The offense has resulted in significant permanent injury to the victims or their families. It has been established that both of the victims are continuing with nightmares. They have behavioral problems and significant anger that has been associated this offense.

The Court gave great weight to this aggravating factor, the fact that the offenses involved multiple victims for which separate sentences have not been imposed. It is noted there is two distinct victims. However, they are both under one count.

Other aggravating circumstances, is the defendant's apparent reliance on significant substance abuse and memory lapses with regard to the incidents while denying that they occurred indicating he did not know what would have occurred during the blackout periods.

In looking at various mitigating factors, it is noted the defendant has no history or prior delinquency or criminal activity, has basically led a law-abiding life during a substantial period of time before the commission.

In addressing the argument of the defendant's counsel as well as the defendant's comments, the trial court stated:

In one way I do agree with Mr. Newman that the prosecution and the defense generally will know the case much better than the Court ever will unless it goes to trial. But, in conjunction with that it is noted that this defendant had the opportunity to review the status of the case. He saw what was available, what would be presented, and that defendant made the decision to plead guilty under *Alford*, which means by its own nature that he believed that the evidence was such that if he went to trial he would be unsuccessful in a court of law and therefore pled guilty to the offense of molestation. I also note that the defendant has received significant consideration by the State in this matter, first by consolidating two victims under one count, as well as by the time period with regard to the penalty that the Court would be obliged to deal with.

The defendant's primary complaint is that he is a first offender and should not be sentenced to the maximum incarceration sentence. We acknowledge the defendant's first-offender status, but agree with the trial court's obvious conclusion that the defendant is an egregious offender. As pointed out by the trial court, the defendant used his position of authority to sexually abuse two very young victims and

6

these victims must cope with the effects of his actions for years to come. Additionally,

> [w]here a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.

*State v. Pugh*, 40,287, p. 2 (La.App. 2 Cir. 11/2/05), 914 So.2d 1183, 1185. *See also State v. Edwards*, 07-1058 (La.App. 3 Cir. 3/12/08), 979 So.2d 623, *writ denied*, 08-2693 (La. 9/18/09), 17 So.3d 391. We find no merit in this assignment of error.

## DISPOSITION

We affirm the sentence imposed by the trial court but remand the matter to the trial court to establish a payment plan for the fine and costs imposed by the trial court, or to allow the Louisiana Department of Probation and Parole to do so, subject to the trial court's approval. Additionally, we remand the matter to the trial court with instructions to amend the court minutes in the particulars described herein.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.