## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1217

**STATE OF LOUISIANA**

**VERSUS**

**ALTON RAY**

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 80708
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Alton Ray**

**Asa A. Skinner**
**District Attorney**
**Terry Wayne Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, LA   71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**AMY, Judge.**

The defendant was charged with two counts of sexual battery, a violation of La.R.S. 14:43.1, or, in the alternative, molestation of a juvenile, a violation of La.R.S. 14:81.2(A) and (E)(1). After a bench trial, the trial court found the defendant not guilty as to count one and guilty as to the charge of sexual battery in count two. The defendant was sentenced to twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence. The defendant appeals. For the following reasons, we affirm with instructions.

### Factual and Procedural Background

A.N.,[1] a minor, alleged that her mother's fiancé inserted his finger in her vagina on approximately ten occasions. According to the allegations, A.N. was ten and eleven years old at the time, and the defendant, Alton Ray, was in his mid-fifties. The State filed a bill of information charging the defendant with two counts of sexual battery, a violation of La.R.S. 14:43.1, or, in the alternative, molestation of a juvenile, a violation of La.R.S. 14:81.2(A) and (E)(1).

After the defendant waived his right to a jury trial, a bench trial was conducted. The trial court found the defendant not guilty of count one of the charges and, with regard to count two, found the defendant guilty of the charge of sexual battery. The defendant's motion for new trial was denied. The trial court subsequently imposed a sentence of twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence.

The defendant appeals, asserting as error that:

---

[1] Pursuant to La.R.S. 46:1844(W), the victim's initials are used in order to protect her identity.

1. The evidence introduced at the trial of this case, when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) standard, is insufficient to prove Alton Ray is guilty of sexual battery beyond a reasonable doubt.

2. While Alton Ray signed an affidavit indicating he knowingly and voluntarily elected to be tried by judge alone, the court never confirmed this declaration on the record, thus the record herein fails to establish Alton Ray made a knowing and intelligent waiver of his right to a trial by jury.

3. The trial court erred in imposing a constitutionally excessive sentence of twenty-five years at hard labor in this case involving a fifty-nine-year-old first-offender who was convicted of sexual battery.

4. The trial court erred in failing to sufficiently consider the mitigating circumstances in this case, which require a deviation below the minimum sentence mandated by statute.

5. The trial court failed to provide sufficient advice as to the time limitation for filing an application for post-conviction relief.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. After reviewing the record, the court finds two potential errors patent. One error, concerning the bill of information, will be addressed herein. The other, concerning the trial court's notification of the time limitations for filing an application for post-conviction relief, will be addressed in the defendant's final assignment of error.

Our review of the record indicates that the State filed a single bill of information. In count one of the bill, the State charged the defendant with one count of sexual battery, a violation of La.R.S. 14:43.1, "or in the alternative," one count of molestation of a juvenile, a violation of La.R.S. 14:81.2(A) and (E)(1), for the listed time period. In count two of the bill, the State charged the defendant with one count of sexual battery, a violation of La.R.S. 14:43.1, "or in the

2

alternative," one count of molestation of a juvenile, a violation of La.R.S. 14:81.2(A) and (E)(1), for the relevant time period therein.

Louisiana Code of Criminal Procedure Article 493 permits two or more offenses to be charged in the same indictment or information under certain circumstances. Further, certain offenses are allowed to be charged in the alternative pursuant to La.Code Crim.P. art. 482. There is no statutory authority allowing molestation of a juvenile to be charged as an alternative to sexual battery. However, our review of the record indicates that the defendant did not file a motion to quash the bill of information on this basis. *See State v. Wilson*, 07-365 (La.App. 3 Cir. 10/3/07), 968 So.2d 776. Accordingly, this error was waived.

*Sufficiency of the Evidence*

The defendant first contends that the evidence was insufficient to support his conviction. Review of sufficiency of the evidence claims is governed by the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), standard, which directs that an appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Bryant*, 12-233, p. 5 (La. 10/16/12), 101 So.3d 429, 432 (quoting *State v. Tate*, 01-1658 (La. 5/20/03), 851 So.2d 921). Further, in *State v. Dorsey*, 10-216, p. 42 (La. 9/7/11), 74 So.3d 603, 633, *cert. denied*, __ U.S. __, 132 S.Ct. 1859 (2012), the supreme court noted that:

> When circumstantial evidence is used to prove the commission of the offense, Louisiana Revised Statute § 15:438 mandates, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." *State v. Neal*, 00-0674, p. 9 (La. 6/29/01); 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). This is not a separate test that applies instead of a sufficiency of the

evidence test when circumstantial evidence forms the basis of the conviction. *State v. Cummings*, 95-1377, p. 4 (La. 2/28/96); 668 So.2d 1132, 1134. Rather, all of the evidence, both direct and circumstantial, must be sufficient under *Jackson* to convince a rational juror the defendant is guilty beyond a reasonable doubt.

We note that the appellate court's function is not to assess credibility or reweigh the evidence. *Id.*

Louisiana Revised Statutes 14:43.1 concerns the crime of sexual battery.[2] It states, in relevant part, that:

> A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or body part of the offender[.]

The defendant argues that A.N.'s testimony was vague and contradictory. He contends that, other than one act which supposedly took place on Easter Sunday of 2010, A.N. was unable to say when the sexual battery occurred. The defendant points to evidence which he contends establishes that it was impossible for any alleged improprieties to have occurred on that date. Further, the defendant contends that A.N.'s testimony about the acts themselves was inconsistent.

A review of the record reveals that there was sufficient evidence to support the defendant's conviction. A.N., who was thirteen at the time of trial, testified that on about ten occasions, the defendant put his finger inside her vagina. According to A.N., it hurt. She testified that this would happen in the defendant's living room when they were alone. A.N.'s testimony was that it was not unusual

---

[2] Louisiana Revised Statutes 14:43.1 was amended by Acts 2011, No. 67 §1. As the alleged offenses occurred in 2009 and 2010, we use the previous version of the statute.

4

for her to be left alone with the defendant in the year or so before Easter of 2010. Further, A.N. testified that, when the defendant first touched her inappropriately, he told her not to tell anyone. A.N. also testified that the defendant touched her breast underneath her shirt. She stated that she had not told the district attorney or the advocacy center people about this and was not sure why. A.N. stated that she had told someone, she just could not remember who. A.N. also testified that she told her mother and sister about the abuse because she wanted it to stop.

However, with the exception of Easter Sunday of 2010, A.N. could not testify with any specificity when these acts occurred. According to A.N., on Easter Sunday of 2010, the defendant, A.N.'s mother, and A.N. went to a barbeque at the defendant's nephew's house. A.N. stated that the defendant touched her before they went to the barbeque, although she did not remember why she was alone with the defendant before the barbeque.

Dr. Thomas E. Griffin, III, is a pediatrician who has done "several hundred" examinations of children who are alleged to have been molested or abused. The trial court accepted Dr. Griffin as an expert. Dr. Griffin testified that he had performed an examination of A.N. in May of 2010, when A.N. was eleven years old. Dr. Griffin noted that his findings were that A.N.'s "vaginal area revealed a mature genitalia that freely admitted - - my index finger into the vaginal area. Only a slight rim of the hymen remained." According to Dr. Griffin, this was unusual—in a child of this age, the hymen would normally admit only the tip end of the little finger and this was at least twice as large as one would expect. Dr. Griffin stated that there was no doubt in his mind that there had been some type of penetration.

Dr. Griffin also testified that it was more difficult to determine what type of penetration would produce this result. Dr. Griffin stated that this was much more than was usually seen with fondling or digital manipulation. Based on that observation, Dr. Griffin was concerned that more than fondling or digital manipulation had occurred, "perhaps the insertion of a penis or some other object bigger than a finger." However, Dr. Griffin opined that his findings were consistent with a conclusion that penetration by the finger of a grown adult occurred approximately ten times.

A.N.'s mother and her older sister both testified that they lived across the street from the defendant and that A.N. was left alone with the defendant at times, such as when A.N.'s mother would go to the store. According to both the mother and the sister, they learned about the allegations when the mother asked A.N. to take something across the street to the defendant's house and she refused. Both testified that A.N. was crying and seemed reluctant or embarrassed when she told them that the defendant had touched her "down below." Further, the mother and the sister both testified that A.N. did not appear to be misleading and that she had not made any allegations of this kind before. Neither the mother nor the sister reported the allegations to the police or to child welfare services.

The defendant testified on his own behalf. He stated that he was 58 at the time of trial. The defendant denied touching and rubbing A.N.'s private area, inserting his finger into her vagina, touching her breast, or otherwise touching A.N. in an inappropriate manner. He also denied ever being alone with A.N., and more specifically being alone with her on Easter Sunday of 2010. The defendant maintained that A.N. was lying and that she was jealous that he was going to marry her mother and that the defendant's granddaughter wanted to exclude A.N. from

the wedding. Although there are inconsistencies about the timing in the testimony, the record indicates that the defendant asked A.N.'s mother to marry him and that he asked A.N. to help him pick out a ring for her.

As stated by the supreme court in *Dorsey*, 74 So.3d at 634:

A victim's or witness's testimony alone is usually sufficient to support the verdict, as appellate courts will not second-guess the credibility determinations of the fact finder beyond the constitutional standard of sufficiency. *State v. Davis*, 02-1043, p. 3 (La. 6/27/03); 848 So.2d 557, 559. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the fact finder, is sufficient support for a requisite factual conclusion. *State v. Robinson*, 02-1869, p. 16 (La. 4/14/04); 874 So.2d 66, 79.

Our review of the record reveals that A.N. testified that the defendant touched her genitals with his finger, that it hurt, and that she told her mother and sister about the abuse because she wanted it to stop. Further, there was testimony and competent evidence establishing that A.N. was younger than fifteen years old and that she was more than three years younger than the defendant. Additionally, A.N.'s testimony was consistent with the medical evidence as described by Dr. Griffin.

Although the defendant denied that he had ever inappropriately touched A.N. and denied that she was ever alone at his house, there was testimony that it was not uncommon for A.N. to be alone with the defendant. Further, although the defendant attempted to establish that he was never alone with A.N. on Easter Sunday of 2010, A.N. testified that she was alone with him before they went to the barbeque.

As the finder of fact, it was the trial court's prerogative to credit the testimony of A.N. and Dr. Griffin. Our review of A.N.'s testimony reveals that it is neither incredible nor insubstantial on its face, and is consistent with the physical

7

evidence, and is therefore sufficient to support the trial court's factual findings. *See Dorsey*, 74 So.3d 603. This evidence is sufficient to satisfy the elements of La.R.S. 14:43.1(A). Accordingly, we find sufficient evidence in the record to support the defendant's conviction for sexual battery.

This assignment of error is without merit.

*Waiver of Jury Trial*

Next, the defendant contends that the record does not establish that he knowingly and intelligently waived his right to a jury trial.

In *State v. Howard*, 10-869, pp. 6-7 (La.App. 5 Cir. 5/24/11), 66 So.3d 1160, 1165, *writ denied*, 11-1468 (La. 4/9/12), 85 So.3d 125, the fifth circuit reiterated the principles applicable to a defendant's waiver of his or her right to a jury trial, stating:

> Although the right to a jury trial may be waived in non-capital cases, it must be "knowingly and intelligently" waived. LSA-C.Cr.P. art. 780 A. Waiver of this right is never presumed. *State v. McCarroll*, 337 So.2d 475, 480 (La.1976); *State v. Zeringue*, 03-697 (La.App. 5 Cir. 11/25/03), 862 So.2d 186, 193, *writ denied*, 03-3523 (La. 4/23/04), 870 So.2d 298. Although it remains the preferred method for the district court to advise a defendant of the right to a jury trial in open court before obtaining a waiver, that practice is not statutorily required. *State v. Pierre*, 02-2665 (La. 3/28/03), 842 So.2d 321 (per curiam); *State v. Lokey*, 04-616 (La.App. 5 Cir. 11/30/04), 889 So.2d 1151, 1154, *writ denied*, 04-3195 (La. 5/6/05), 901 So.2d 1093. It is likewise preferred, but not necessary, for the defendant to waive the right to a jury trial personally. *Id*. Counsel may waive the right on the defendant's behalf, provided the defendant's decision to do so was made knowingly and intelligently. *Id*.

The record contains the defendant's "Motion to Waive Jury Trial and Request Trial by Judge Alone," filed on September 26, 2011.[3] Therein, the

---

[3] Although there is nothing in the record indicating that the trial court granted the Motion to Waive Jury Trial, the trial court signed the order continuing the trial which was attached to the motion. Further, the matter was subsequently set for a bench trial in January of 2012.

defendant's trial counsel represented that the defendant had been fully advised by his trial counsel and fully understood his constitutional right to a trial by Judge only, and that he knowingly and voluntarily waived that right and elected to have a trial by Judge only. The motion included an affidavit signed by the defendant and two witnesses, which stated that:

> ALTON RAY, who after being duly sworn, did depose and declare the following:
>
> That he is the defendant in the above captioned and numbered proceedings.
>
> That he has counseled with his court appointed counsel, Lisa K. Nelson.
>
> That he has been fully advised by his court appointed counsel of his constitutional right to a trial by a jury of his peers and that he fully understands that constitutional right.
>
> That he knowingly and voluntarily elects to be tried by Judge alone.

The motion also noted that the defendant's trial counsel agreed with his request.

Where the defendant's right to a jury trial was waived by his attorney, and there was no other indication that the defendant knowingly and intelligently waived that right, such as a confirmation in open court, the appellate courts have remanded the matter to the trial court for a determination of whether the defendant's waiver was knowing and intelligent. *State v. Zeringue*, 03-697 (La.App. 5 Cir. 11/25/03), 862 So.2d 186, *writ denied*, 03-3523 (La. 4/23/04), 870 So.2d 298; *State v. Morris*, 607 So.2d 1000 (La.App. 3 Cir. 1992), *rev'd on other grounds*, 615 So.2d 327 (La.1993). *See also State v. Pierre*, 02-2665 (La. 3/28/03), 842 So.2d 321.

In addition to the defendant's trial counsel's representation that she had informed the defendant about his constitutional rights, the defendant signed an

affidavit which confirmed that he had "been fully advised by his court appointed counsel of his constitutional right to a trial by a jury of his peers and that he fully understands that constitutional right" and that he opted to be tried by judge alone and not a jury. Further, the minutes from the defendant's arraignment indicate that the trial court informed the defendant about his right to a jury trial. Contrary to the defendant's argument, the trial court was not required to confirm the defendant's waiver on the record. *Howard*, 66 So.3d 1160. Given these circumstances, we find that the record supports a finding that the defendant's trial counsel discussed with the defendant his right to a trial by jury, that the defendant understood that right, and that the defendant knowingly and intelligently waived his right to a jury. *See Zeringue*, 862 So.2d 186.

This assignment of error is without merit.

*Excessiveness of Sentence*

The defendant also asserts that his sentence is unconstitutionally excessive and that the trial court failed to consider the mitigating circumstances in imposing sentence.

We initially note that the record indicates that the defendant filed a motion for reconsideration alleging that his sentence is excessive and improper. On appeal, the defendant's primary argument is that the trial court erred in failing to deviate below the mandatory minimum sentence for sexual battery. This was not an issue that the defendant raised before the trial court and is therefore not properly before this court for the first time on appeal. La.Code Crim.P. art. 881.1(E). Accordingly, we do not address the defendant's argument in this regard.

The review of excessive sentence claims is well-established. In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-

10

43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court reiterated the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In deciding whether a sentence shocks our sense of justice or makes no measurable contribution to acceptable penal goals, the appellate court may consider several factors, including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-606 (La. 7/6/00), 766 So.2d 501. However, sentences must be individualized to the offender and the offense committed. *State v. Smith*, 02-719 (La.App. 3 Cir. 2/12/03), 846 So.2d 786 (quoting *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991), *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061). We also note that a mandatory minimum sentence is presumed to be constitutional. *State v. D.S.J.*, 08-1555 (La.App. 3 Cir. 6/24/09), 15 So.3d 1188.

Louisiana Revised Statutes 14:43.1(C)(2) provides that the punishment for sexual battery, where the victim is under the age of thirteen years and the offender is seventeen years old or more "shall be punished by imprisonment at hard labor

for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence." At sentencing, the trial court imposed sentence as follows:

> This is the offense of sexual battery. The penalty for that offense is not less than 25 years nor more than 99 years. 25 years shall be served without benefit of probation, parole or suspension of sentence. The facts are that this Court found the victim's testimony to be competent wherein she testified that this defendant touched her private parts at a time when she had not yet reached the age of 15 years. This testimony was corroborated by the examining doctor's testimony. After the bench trial the Court found this defendant guilty of sexual battery. The Court considers the sentencing guidelines under Article 894.1, the pre-sentence report and its contents, and the numerous letters on behalf of the defendant. The Court has concluded that this is a minimum sentence in this thing of 25 years is extraordinarily severe and considering this defendant's age and could be there for the rest of his life. But, nevertheless, that is the minimum sentence required by law.
>
> The Court finds - - sentences you to 25 years at hard labor with the Louisiana Department of Public Safety and Corrections with credit for time served since the date of your arrest without benefit of probation, parole or suspension of sentence. Ms. Nelson is right, this man has a clean record as far as I can tell. This is his first offense. The sentence I have imposed, nevertheless, is subject to whatever good behavior you may be entitled under Revised Statute 15:571.3.

Our review of the record indicates that the trial court was aware of and considered several factors in determining the defendant's sentence. Of particular note, the trial court was the finder of fact. The record indicates that the trial court took into account that the defendant was fifty-eight and a first felony offender. We also note that "numerous" letters were submitted to the trial court on the defendant's behalf, which the trial court acknowledged. Given that the defendant was convicted of sexually abusing his future step-daughter, who was then eleven years old, we find the trial court adequately considered the mitigating factors

contained in La.Code Crim.P. art. 894.1 and did not abuse its discretion in imposing the minimum sentence.

The defendant's arguments in this regard are without merit.

*Post-Conviction Relief Notification*

The defendant contends that the trial court did not properly notify him of the time period for filing an application for post-conviction relief. The State agrees with the defendant on this issue.

A review of the record indicates that the trial court notified the defendant that he had "30 days within which to appeal and two years within which to file an application for post conviction relief." Louisiana Code of Criminal Procedure Article 930.8 provides that the prescriptive period does not begin to run until the defendant's sentence is final.

Accordingly, we direct the trial court to provide the defendant with appropriate written notice of the time periods for seeking post-conviction relief, as delineated in La.Code Crim.P. art. 930.8, within ten days of the date of this opinion and to file in the record of the proceedings proof that the defendant received the notice. *See State v. Smith*, 95-1215 (La.App. 3 Cir. 4/3/96), 672 So.2d 211.

## DECREE

For the foregoing reasons, the conviction and sentence of the defendant, Alton Ray, for sexual battery, a violation of La.R.S. 14:43.1, are affirmed. The trial court is directed to provide the defendant with written notice of the provisions of La.Code Crim.P. art. 930.8 within ten days of the date of this opinion and to filed in the record proof that the defendant received the written notice.

**AFFIRMED WITH INSTRUCTIONS.**

13