McDonald, j.
12Pefendant, T.T.,[1] was charged by grand jury indictment with one count of aggravated rape of a minor, C.T., a violation of La. R.S. 14:42(A)(4) (count one), and with one count of aggravated incest of a minor, A.T.,[2] a violation of La. R.S. 14:78.1 (count two). Defendant pled not guilty and waived his right to a jury trial. After a bench trial, he was found guilty as charged on both counts. Defendant filed a motion for new trial, but the trial court denied that motion. For his conviction on count one, defendant was sentenced to the mandatory term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. For his conviction on count two, defendant was *73 sentenced to a terra of fifty years at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court ordered defendant’s sentences to be served concurrently. Defendant now appeals, alleging three assignments of error — two counseled and one pro se. For the following reasons, we affirm defendant’s convictions and sentences.

FACTS

At trial, the State presented evidence of defendant’s offenses primarily through videotaped interviews of the victims, which were conducted at the Lafourche Children’s Advocacy Center (“CAC”). The evidence supporting defendant’s convictions was included in separate interviews conducted with C.T. and A.T. on August 5, 2009, when the victims were in the custody of a foster parent. C.T. stated during her interview that defendant had inserted his penis into her vagina one night while she was living in her mother’s trailer. A.T. stated during her interview that defendant had twice touched her private area with his hands. According to A.T., defendant had once touched the outside of her private area, under her underwear. A.T. said that on another occasion, defendant inserted |shis finger into her vagina. Both C.T. and A.T. stated that these incidents occurred prior to their placement into foster care, which occurred in late 2007.

COUNSELED ASSIGNMENT OF ERROR #1

In his first assignment of error, defendant asserts that the trial court erred in allowing him to waive his right to a jury trial. Specifically, defendant asserts that the trial court erred in granting a jury trial waiver on January 24, 2011, a date set for defendant’s jury trial, because defendant’s waiver was not made more than forty-five days before that date, as is required by La. Const. art. I, § 17(A).
Defendant was arraigned on the instant offenses on September 24, 2009. On March 18, 2010, defendant’s trial date was set for August 28, 2010, but that date was jointly continued by the State and the defense until January 24, 2011. On January 24, 2011, defendant filed a motion to waive his jury trial and a simultaneous motion to continue. The trial court conducted a colloquy with defendant in order to confirm that this waiver was knowingly and voluntarily made. Defendant’s trial counsel confirmed the jury trial waiver, and the prosecutor expressly declared that she had no objection to the waiver. As a result, the trial court accepted defendant’s jury trial waiver, granted his request for a continuance, and reset defendant’s trial date for June 20, 2011.
Defendant now argues on appeal that the December 1, 2010, amendment[3] to La. Const. art. I, § 17(A) made an error for the trial court to accept his jury trial waiver on January 24, 2011, because defendant’s trial was set for that date and, accordingly, his waiver request was not made more than forty-five days prior to that date.[4] In response, the State argues that defendant’s jury trial waiver was timely because the trial court continued defendant’s trial until June 20, 2011, when it accepted his jury trial waiver.
4In pertinent part, La. Const. art. I, § 17(A) provides: “Except in capital cases, *74 a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” We need not decide in this case whether a defendant may, in effect, extend the window for waiving a jury trial by simultaneously requesting a continuance to a date outside the 45-day window. By requesting to waive his right to a jury trial when he did, defendant also gave up any right to object on timeliness grounds to the trial court’s grant of that waiver. Essentially, defendant did not properly file a contemporaneous objection to this ruling, so this matter is not properly before this court as an assignment of error.[5]
Defendant argues in his brief that this allegedly untimely waiver is an error discoverable by a mere inspection of the pleadings and proceedings under La.Code Crim. P. art. 920(2) and that he needed to make no contemporaneous objection at trial. We agree with defendant to the extent that this timeliness issue is discoverable under Article 920(2). However, assuming for the sake of this argument that a continuance does not reopen the jury trial waiver window, we find that any error with respect to defendant’s jury trial waiver is merely a waivable trial error and not a non-waivable structural defect.
In State v. Brown, 2011-1044 (La.3/13/12), 85 So.3d 52 (per curiam), the Supreme Court found an error with respect to jury size to be a waivable trial error, and not a structural defect, in which defense counsel actively participated in, and failed to object to, the selection of a twelve-person jury instead of a six-person jury. The twelve-person jury in Brown ultimately returned a 10-2 verdict finding the defendant guilty, which was sufficient to convict the defendant under twelve-person jury rules, but which did not comport with the unanimous vote rule which applies to a six-person jury. See La. Const. art. 1, § 17(A); La.Code Crim. P. art. |S782(A). The court found that it did not need to address whether the error in jury composition actually prejudiced the defendant’s case because defense counsel failed to object or to file a motion in arrest of judgment on this ground and because there is no longer a “supposition that errors in jury composition are invariably jurisdictional or structural in nature.” The Court cited with approval Justice Weimer’s concurrence in State v. Jones, 2005-0226 (La.2/22/06), 922 So.2d 508, 516, in which he stated that “[a] defendant should not have the opportunity of gambling on a favorable verdict from the larger jury and then resorting on appeal to an error that easily could have been corrected in the trial court at the outset of jury selection.”
Although the instant factual situation differs from that in Brown, the same underlying principles guide this Court in this case. Here, defendant requested, and was granted, a jury trial waiver on a date when his case was set for trial. Without deciding whether this error was corrected by the trial court’s simultaneous granting of defendant’s continuance, we find that defendant cannot raise this issue on appeal as a ground for reversal of his convictions and sentences because he requested, and therefore failed to object to, this waiver. Defendant had a right to be tried by jury, but he also had a concomitant right to waive a trial by jury. Even if defendant’s exercise of this parallel right might have been untimely under La. Const, art. I, § 17(A), any such error is not structural in nature and was waived when defendant *75 elected to be tried before the trial judge in a bench trial. To allow defendant to knowingly and intelligently waive his right to trial by jury and then to reverse defendant’s convictions and sentences on appeal because of an untimely waiver, would be to allow defendant to seek a favorable outcome from the judge and then to resort on appeal to an error that he instigated in the trial court. Such an outcome would not be in the interests of justice. This assignment of error is without merit.

COUNSELED ASSIGNMENT OF ERROR #2

|fiIn his second counseled assignment of error, defendant argues that the trial court erred in sentencing him on count two under the more severe sentencing provision of La. R.S. 14:78.1, Subsection (D)(2), because the State failed to cite that subsection in defendant’s indictment. Defendant argues instead that he should have been sentenced under the less severe Subsection (D)(1).
Subsection (D)(2) of La. R.S. 14:78.1 provides a harsher penalty than Subsection (D)(1) in cases of aggravated incest where the State has proven that the victim was under the age of thirteen years when the offender is seventeen years of age or older. A sentence under La. R.S. 14:78.1(D)(2) (prior to its amendment by 2008 La. Acts No. 33, § 1) carries a sentencing range of imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment, with at least twenty-five years to be imposed without benefit of parole, probation or suspension of sentence. In contrast, La. R.S. 14:78.1(D)(1) carries the baseline penalty of imprisonment with or without hard labor for not less than five years nor more than twenty years, or a fine not to exceed fifty thousand dollars, or both. Sentencing under this provision only requires proof that the victim was under eighteen years of age. See La. R.S. 14:78.1(A).
In his brief, defendant alleges that his sentence under La. R.S. 14:78.1(D)(2) is improper because the bill of indictment failed to specify this particular subsection of the aggravated incest statute. Defendant also alleges that his indictment failed to specify facts sufficient to conclude that the prosecution was brought under subsection (D)(2).
The indictment or bill of information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. La.Code Crim. P. art. 464. When an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, technical sufficiency of the indictment may not be questioned after conviction 17where no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution. State v. Gainey, 376 So.2d 1240, 1243 (La.1979); State v. James, 305 So.2d 514, 516-17 (La.1974).
In the instant case, defendant’s indictment informed him that he was being prosecuted for the aggravated incest of A.T., whose date of birth was listed as September 29, 2000. Although the particular sentencing subsection was not cited in defendant’s indictment, defendant was clearly put on notice by the listing of A.T.’s date of birth that the State intended to prove that defendant committed the aggravated incest of a victim under the age of thirteen years. Presumably, defendant was aware of his own age at the time of the offense, as well. As discussed below when we address the sufficiency of the evidence in this case, the State proved at *76 trial via several stipulations that defendant was the biological father of A.T., that he was seventeen years of age or older at the time of the crime, and that A.T. was under thirteen years of age at the time of the crime. Thus, defendant was clearly put on notice of the facts the State intended to prove with respect to this offense, and the state actually proved those facts at trial.
Finally, we point out that defendant’s trial was a bench trial. Based on his verdict and subsequent sentencing of defendant under Subsection (D)(2), the trial judge plainly found the facts presented at trial to be sufficient to conclude that defendant committed aggravated incest of A.T., a victim under thirteen years of age. Although the trial judge did not explicitly declare in his oral judgment that he found defendant guilty of this more severe category of aggravated incest, he was not specifically asked by either the State or the defense to address this issue, either by charging himself with the applicable responsive verdicts or by clarifying his verdict at the time of judgment. Based on the evidence presented and stipulated to |Rat trial, and considering that he presided over defendant’s bench trial, the trial judge properly sentenced defendant under La. R.S. 14:78.1(D)(2) (prior to its amendment by 2008 La. Acts No. 38, § 1), and defendant’s sentence is not illegal. This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR

In his sole pro se assignment of error, defendant argues that the evidence presented at his trial was insufficient to support his convictions of aggravated rape and aggravated incest.
A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const, amend. XIV; La. Const. art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, this court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.Code Crim. P. art. 821(B); State v. Ordodi, 2006-0207 (La.11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988). The Jackson standard of review, incorporated in Article 821(B), is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. Patorno, 2001-2585 (La.App. 1st Cir.6/21/02), 822 So.2d 141, 144.

Aggravated Rape of C.T.

Louisiana Revised Statutes 14:42 provides in pertinent part:
A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
|9(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim’s age shall not be a defense.
Louisiana Revised Statutes 14:41 provides in pertinent part:
A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person’s lawful consent.
B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, how *77 ever slight, is sufficient to complete the crime.
Before defendant’s trial began, the State and defense stipulated to the trial court that defendant was born on February 3, 1980, that he is the biological father of C.T., and that C.T. was born on November 13, 1998. At trial, the State presented two videotaped interviews of C.T. that were conducted at the Lafourche CAC. One interview took place on October 4, 2007, immediately following some initial complaints regarding defendant’s behavior towards his minor children, and the other took place on August 5, 2009, after defendant’s children had been placed into foster care. In the 2007 interview, C.T. stated that she had lied to her mom about some “nasty stuff’ that defendant did to her and that defendant never actually did anything “nasty” to her. However, she did indicate in this interview that defendant had in the past played a pornographic movie for her.
In the 2009 interview, C.T. stated that one night she was in her bed sleeping when defendant opened her door and came into her room. According to C.T., defendant began to pull his pants down as he approached her bed, and then he climbed into her bed with her, laid on top of her, and started “shaking.” C.T. stated that she felt her private area burn when she saw defendant place his “bird” into her vagina. C.T. told the interviewer that this behavior had only occurred one time.
In this interview, C.T. also described other instances of lewd behavior by defendant. According to C.T., she had seen defendant and her mother engage in sexual intercourse in front of her and her sisters on at least two previous occasions. 110Further, C.T. described two separate instances where defendant defecated and urinated, respectively, on her.
Defendant testified at trial and plainly denied all of C.T.’s statements. He stated that he had never engaged in sexual intercourse with his wife in front of the children, that he had never defecated or urinated on C.T., and that he had never exposed himself to his children. Defendant also stated that his children may have accidentally began to watch a pornographic movie by their own mistake one day, but he immediately stopped it before anything inappropriate could be seen on the screen.
The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). The trier of fact’s determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a fact finder’s determination of guilt. State v. Taylor, 97-2261 (La.App. 1st Cir.9/25/98), 721 So.2d 929, 932. Further, a reviewing court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the fact finder. See State v. Calloway, 2007-2306 (La.1/21/09), 1 So.3d 417, 418 (per curiam).
In the instant case, viewed in the light most favorable to the prosecution, the evidence was clearly sufficient to support a finding that defendant was guilty of the aggravated rape of C.T. C.T.’s statements in her second interview were direct evidence that defendant used his penis to penetrate her vagina. The trial judge gave extensive oral reasons for his verdict and, in doing so, he indicated that he *78 Infound C.T. to be a credible witness who appeared to have been influenced by her sisters not to reveal wrongdoing before her 2007 interview. The trial judge also apparently found credible C.T.’s description of the incident, especially in light of her nervousness when talking about the details.
This portion of the assignment of error is without merit. The evidence presented through C.T.’s 2009 interview was clearly, in itself, sufficient to support the verdict of guilty of aggravated rape, and the trial judge found C.T.’s interview to be more credible than defendant’s testimony at trial.

Aggravated Incest of A.T.

Louisiana Revised Statutes 14:78.1 provides in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child....
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery. ...
(2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender or both.
Louisiana Revised Statutes 14:43.1 provides in pertinent part:
A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender ... when any of the following occur:
(1) The offender acts without the consent of the victim.
In addition to the provisions of La. R.S. 14:78.1 noted above, La. R.S. 14:78.1(D)(2) provides a greater penalty if the State proves at trial that the victim was under thirteen years of age and the offender was seventeen years of age or older at the time of the offense.
As with C.T., it was stipulated before trial that defendant is the biological father of A.T. and that A.T. was born on September 29, 2000. Also as with C.T., |i2the State presented at trial two videotaped interviews of A.T. that were conducted at the Lafourche CAC on the same dates as
C.T.’s interviews.
In the 2007 interview, A.T. stated that no one had ever done anything to hurt her or that they were not supposed to do. A.T. further stated that no one had ever touched her in a bad way, and she had never seen anyone touch anybody else badly, not even on television.
In the 2009 interview, A.T. stated that defendant had twice touched her in a bad way. According to A.T., the first time defendant touched her, she had been in her room reading a book. A.T. said that defendant came into her room, reached under her skirt, pulled down her underwear, and touched the outside of her private area with his hands. A.T. then told the interviewer that defendant had also touched her under her clothes, and that time he touched her on the inside of her vagina.[6] According to A.T., she told her mother about defendant’s behavior after the second incident, and her mother told defendant to stop, but defendant said, “Nope.” A.T. stated that defendant only *79 touched her on these two occasions and that she never saw defendant touch anyone else that way. Defendant also denied these allegations in his trial testimony.
Again, the trial judge found A.T. to be more credible than defendant. From his oral reasons, it appears that the trial judge found credibility in the feet that A.T. did not merely reiterate, or claim to witness, the version of events described by her sister, C.T., but instead described separate instances of lewd conduct by defendant.
Viewed in the light most favorable to the prosecution, the evidence presented at trial was clearly sufficient to support a finding that defendant was guilty of the aggravated incest of A.T. under La. R.S. 14:78.1(D)(2). First, the stipulations entered into between the State and defendant support the conclusion that A.T. and defendant were approximately six years old and twenty-seven years |1sold, respectively, at the time of the offense. A.T.’s statements in her second interview were direct evidence that defendant used his hands to touch her genitals, and A.T.’s informing her mother about the incident indicates a lack of consent. The trial judge might also have concluded that defendant touched A.T. with the intent to arouse his own sexual desires. The evidence presented at trial supports either conclusion. This portion of the assignment of error is without merit.
For the foregoing reasons, we affirm defendant’s convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.
PETTIGREW, J., concurs.

. At the time of the offenses, the victims in this case were approximately six and seven years old. In accordance with La. R.S. 46:1844(W), the victims herein are referenced only by their initials. To further protect the identity of the victims, their family members, including defendant, are also referenced by their initials.

. A.T.’s actual initials are also C.T., but she is sometimes referred to by a nickname beginning with the letter "A.” To eliminate confusion, we adopt this nickname when referring to A.T. in this case.

. 2010 La. Acts No. 1053, § 1.

. We note that this request for a jury trial waiver was made at defendant’s first court appearance after the passing of 2010 La. Acts No. 1053, § 1. Because of the reasons set forth in the rest of this opinion, we do not decide in this case whether defendant's jury trial waiver was actually timely or untimely under these unique circumstances.

. The State also acquiesced in this jury trial waiver and did not object to it on timeliness grounds.

. It is unclear from A.T.'s interview whether this second incident occurred immediately after the first act or whether it occurred at a later date.