# NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-552

STATE OF LOUISIANA

VERSUS

TOMMY PAUL BOURQUE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR131520
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**CONVICTION AFFIRMED. MOTION TO WITHDRAW GRANTED.**

Michael Harson
District Attorney - 15th Judicial District
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE
 State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT
 Tommy Paul Bourque

**COOKS, Judge.**

Defendant, Tommy Paul Bourque, was charged by bill of information with simple burglary of a pharmacy, a violation of La.R.S. 14:62.1; possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1; the armed robbery of Karen Hoffpauir, a violation of La.R.S. 14:64; and the armed robbery of Susan Long, a violation of La.R.S. 14:64. Defendant entered a plea of not guilty. An amended bill of information was subsequently filed to add Defendant's aliases. A second amended bill of information was filed, adding an additional count of armed robbery of Sheena Linscomb, a violation of La.R.S. 14:64. Defendant was re-arraigned on the amended bills of information on April 18, 2011, and entered a plea of not guilty.

Defendant waived his right to trial by jury. The State moved to sever counts one through four and proceeded to trial on count five, the armed robbery of Linscomb. Thereafter, a bench trial commenced, and the trial court found the Defendant guilty as charged. Defendant was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence. A motion for appeal was granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw. Defendant was advised, via certified mail, that counsel filed an *Anders* brief and that he was given until August 2, 2013, to file a *pro se* brief. No brief was filed by Defendant. For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

**FACTS**

On December 8, 2010, Defendant robbed Sheena Linscomb, who was working at the Hit and Run convenience store in Lafayette, Louisiana, while armed with a gun. The robbery was captured on video, and Linscomb identified Defendant at trial as the individual who robbed her. Karen Hoffpauir was allowed to testify without objection that Defendant robbed her in the same fashion at Cigarettes and Checks on November 10, 2010. The defense presented no evidence at trial and Defendant was found guilty as charged.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

Louisiana Constitution Article 1, § 17, provides that "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable."

In *State v. Bazile,* 12-2243 (La. 5/7/13), __ So.3d ___,[1] the court interpreted the term "trial date" in La.Const. art. 1, § 17(a) to mean the initial trial setting.

In this case, the initial trial setting was April, 18, 2011. The Defendant waived his right to a jury trial on September 24, 2012, more than forty-five days after the initial trial setting.

In *State v. T.T.,* 12-146 (La.App. 1 Cir. 9/21/12), 111 So.3d 71, the court found that the timeliness of the jury waiver was discoverable as an error patent under Article 920(2). Additionally, the court found any error with respect to

---

[1]2013 WL 1880395.

2

defendant's jury trial waiver was "a waivable trial error and not a non-waivable structural defect." *Id*. at 74. The court explained in pertinent part:

> In *State v. Brown*, 2011-1044 (La.3/13/12), 85 So.3d 52 (per curiam), the Supreme Court found an error with respect to jury size to be a waivable trial error, and not a structural defect, in which defense counsel actively participated in, and failed to object to, the selection of a twelve-person jury instead of a six-person jury. The twelve-person jury in *Brown* ultimately returned a 10-2 verdict finding the defendant guilty, which was sufficient to convict the defendant under twelve-person jury rules, but which did not comport with the unanimous vote rule which applies to a six-person jury. *See* La. Const. art. 1, § 17(A); La.Code Crim. P. art. 782(A). The court found that it did not need to address whether the error in jury composition actually prejudiced the defendant's case because defense counsel failed to object or to file a motion in arrest of judgment on this ground and because there is no longer a "supposition that errors in jury composition are invariably jurisdictional or structural in nature." The Court cited with approval Justice Weimer's concurrence in *State v. Jones*, 2005-0226 (La.2/22/06), 922 So.2d 508, 516, in which he stated that "[a] defendant should not have the opportunity of gambling on a favorable verdict from the larger jury and then resorting on appeal to an error that easily could have been corrected in the trial court at the outset of jury selection."
>
> Although the instant factual situation differs from that in *Brown*, the same underlying principles guide this Court in this case. Here, defendant requested, and was granted, a jury trial waiver on a date when his case was set for trial. Without deciding whether this error was corrected by the trial court's simultaneous granting of defendant's continuance, we find that defendant cannot raise this issue on appeal as a ground for reversal of his convictions and sentences because he requested, and therefore failed to object to, this waiver. Defendant had a right to be tried by jury, but he also had a concomitant right to waive a trial by jury. Even if defendant's exercise of this parallel right might have been untimely under La. Const. art. I, § 17(A), any such error is not structural in nature and was waived when defendant elected to be tried before the trial judge in a bench trial. To allow defendant to knowingly and intelligently waive his right to trial by jury and then to reverse defendant's convictions and sentences on appeal because of an untimely waiver, would be to allow defendant to seek a favorable outcome from the judge and then to resort on appeal to an error that he instigated in the trial court. Such an outcome would not be in the interests of justice. This assignment of error is without merit.

*Id*. at 74-75.

In the present case, Defendant requested a waiver of his right to a trial by jury, and he did not object when it was granted, although it was an untimely waiver. Additionally, any error by the trial court in allowing the Defendant to waive his trial by jury trial more than forty-five days after the initial trial setting was harmless.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 422, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel pointed out that Linscomb identified Defendant at trial and picked him from a photographic lineup after the robbery. Additionally, store cameras captured the robbery on video. Appellate counsel

noted Defendant received a sentence of less than half of the maximum sentence of ninety-nine years, the trial court noted his long record prior to imposition of sentence, and the State declared its intent to file a habitual offender bill.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements made by appellate counsel. Defendant was properly charged in the bill of information, he was present and represented by counsel at all crucial stages of the proceedings, the verdict was correct, and he received a legal sentence.

Our review of the record reveals no issues that would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence are affirmed and appellate counsel's motion to withdraw is granted.

**CONVICTION AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.