# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## KA 13-855

**STATE OF LOUISIANA**

**VERSUS**

**GABE MCKEEL, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8096-12
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED AS AMENDED.**

**John Foster DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**14th Judicial District Court**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**Edward J. Marquet**
**Post Office Box 53733**
**Lafayette, Louisiana  70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Gabe McKeel, Jr.**

**CONERY, Judge.**

Defendant, Gabe McKeel, Jr., was indicted on March 11, 2012, for aggravated rape, a violation of La.R.S. 14:42; aggravated burglary, a violation of La.R.S. 14:60; and aggravated second degree battery, a violation of La.R.S. 14:34.7.

The victim was a ninety-four-year-old woman. Prior to trial, the State filed a motion to perpetuate her testimony in light of her age and medical condition. On April 25, 2012, both parties, with the judge present, videotaped the victim's testimony for use at trial.

Defendant waived his right to trial by jury. The trial court found Defendant guilty of aggravated rape, aggravated burglary, and the lesser included offense of second degree battery, a violation of La.R.S. 14:34.1. The videotape of the victim's perpetuated testimony was introduced into evidence in lieu of her live testimony without objection. After conducting a sentencing hearing, the trial court sentenced Defendant to thirty years with the Department of Corrections for aggravated burglary; five years with the Department of Corrections for second degree battery; and life imprisonment without benefit of probation, parole, or suspension of sentence for aggravated rape. He ordered the sentences for aggravated rape and aggravated burglary to run consecutively and the five-year sentence for second degree battery to run concurrently. Defendant objected to the consecutive nature of the sentences of aggravated rape and aggravated burglary, as the crimes resulted from one incident. For the following reasons, we affirm.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent.

Defendant's charges entitled him to a trial by jury. *See* La.R.S. 14:42, 14:60, and 14:34.7 and La.Code Crim.P. art. 782. On January 17, 2013, Defendant filed a motion to waive jury trial, and he was tried by the trial court judge. The motion provided, in pertinent part:

> Andrew M. Casanave, attorney for GABE MCKEEL, defendant in the above captioned case; upon consideration and consultation together, waive Defendant's right to a trial by jury in this case.

> GABE MCKEEL, defendant, further states that he fully understands his right to a trial by jury and thus waives his right knowingly, voluntarily, and intelligently.

Defendant and his attorney signed the motion. Additionally, at the beginning of the bench trial held on February 13, 2013, Defendant's attorney stated in open court that Defendant, in writing, had waived his right to a jury trial. We find, after a review of the record on its face, Defendant knowingly, voluntarily, and intelligently waived his right to a trial by jury. *See State v. Ray*, 12-1217 (La.App. 3 Cir. 5/1/13), ___ So.3d ___. The question at issue is whether the waiver was timely.

Effective November 22, 2010, La.Const. art. I, § 17(A), added, "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial

2

by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable."[1]

In *State v. Bazile,* 12-2243 (La. 5/7/13), __ So.3d ___, the court interpreted the term "trial date" in La.Const. art. I, § 17(A) to mean the initial trial setting.

In this case, the initial trial setting was September 17, 2012. The case was continued and reset for February 13, 2013. Defendant waived his right to a jury trial on January 17, 2013, resulting in a violation of La.Const. art. I, § 17(A), as the waiver was not made more than forty-five days prior to the initial trial date of September 17, 2012, nor was it made more than forty-five days prior to the resetting of the new trial date.

In *State v. T.T.*, 12-146 (La.App. 1 Cir. 9/21/12), 111 So.3d 71, as an assigned error, the defendant argued that the trial court erred in granting a jury trial waiver because the waiver was made less than forty-five days before the trial date, as is required by La.Const. art. I, § 17(A). The defendant argued untimeliness of a waiver is an error discoverable by a mere inspection of the pleadings and proceedings under La.Code Crim.P. art. 920(2), and that he needed to make no contemporaneous objection at trial. The court agreed with the defendant to the extent that timeliness issue was discoverable under La.Code Crim.P. art. 920(2) but found that any error with respect to defendant's jury trial waiver was "merely a

---

[1]Louisiana Code of Criminal Procedure Article 780 was amended, effective June 17, 2013 (2013 La. Acts 343), to provide in pertinent part:

B. The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.

3

waivable trial error and not a non-waivable structural defect." *T.T.*, 111 So.3d at 74.

In the present case, Defendant requested a waiver of his right to a trial by jury, and he did not object when it was granted. We find the error by the trial court in allowing Defendant to waive his trial by jury trial in violation of the time period set forth in La.Const. art. I, § 17(A) was harmless. *T.T.*, 111 So.3d 71. Moreover, Defendant did not assign as an error or argue the jury waiver issue on appeal. No action need be taken by this court.

Another error patent is noted. According to the transcript and the minutes, the trial court failed to impose the aggravated rape sentence at hard labor, as required by La.R.S. 14:42(D)(1). In *State v. Loyden*, 04-1558, p. 6 (La.App. 3 Cir. 4/6/05), 899 So.2d 166, 172, this court explained in pertinent part:

> [W]e find that the sentences imposed for the defendant's two aggravated rape convictions in this case are illegally lenient, because the trial court did not indicate that they were to be served at hard labor.

The trial court's failure to order Defendant's sentence for aggravated rape to be served "at hard labor" renders the sentence illegally lenient. In accordance with La.Code Crim.P. art. 882, as an appellate court, we can amend a sentence to reflect that it is to be served at hard labor when that sentence is mandated by law, as it is this case. *State v. Guillory*, 12-936 (La.App. 3 Cir. 3/6/13), ___ So.3d ___.

We hereby amend Defendant's sentence for aggravated rape to reflect that Defendant is to serve his life sentence without benefit of parole, probation, or suspension of sentence at hard labor. *State v. Guilbeau*, 02-972 (La.App. 3 Cir. 2/5/03), 838 So.2d 160, *writ denied*, 03-553 (La. 6/6/03), 848 So.2d 538; *Guillory*, ___ So.3d ___.

4

## ASSIGNMENTS OF ERROR

On appeal, Defendant urges the following assignments of error:

I. Trial court erred in allowing the introduction of prior recorded testimony of the alleged victim without a determination that the witness was "unavailable" to testify at trial. La. C.E. Article 804(B)(1).

II. Sentencing judge improperly imposed a consecutive 30-year sentence to a life sentence from crimes arising out of a single course of conduct.

## FACTS

On January 28, 2012, Defendant broke into the ninety-four year old victim's home, beat her severely, and raped her. He also stole an electronic keyboard from her home. The trial court found circumstantial evidence that Defendant armed himself with a knife before committing the burglary, battery, and rape.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that the trial court improperly allowed the videotaped testimony of the victim at trial without making a determination that she was unavailable pursuant to La.Code Evid. art. 804(B)(1). After the State filed a motion to perpetuate the victim's testimony on March 12, 2012, Defendant filed an objection, contending the motion was "essentially a motion for preliminary examination," and the hearing on the motion should be delayed until discovery was complete.

On April 25, 2012, the victim's testimony was perpetrated in open court before the judge with Defendant and his defense counsel present and participating. Defendant acknowledged he had received discovery answers and stated "we can proceed with this proceeding." Nevertheless, defense counsel stated a general objection to the fairness of the proceeding, arguing that in defense counsel's

5

experience, after an indictment has been returned, defense requests for a preliminary examination are denied as untimely.

The court overruled the objection and the victim's testimony was perpetrated. During defense counsel's opening statement at the bench trial, he told the trial court, "[the victim] has already testified. We have that. Your Honor was present when she testified, but you will be given her transcript as well as her video testimony. And it's our position that it will fall short of some of the accusations." Counsel then told the trial court, "[a]nd just for the record, Your Honor, [the victim's] testimony was taken in Court, before Your Honor, on the 25th of April, last year . . . . *And we have no objection to the testimony being presented in this matter*" (emphasis added).

The State then marked the DVD as evidence and offered it along with the transcript. The trial court again asked for any objections, and defense counsel responded, "*[n]o objections, Your Honor*" (emphasis added). Nevertheless, Defendant argues for the first time on appeal that the trial court erred by failing to determine the victim was unavailable for trial even though he made no objection to the presentation of the victim's properly perpetuated testimony at trial.

Louisiana Code of Criminal Procedure Article 841(A) requires a party to make a contemporaneous objection to any ruling made by or sought from the trial court. The record provides that the victim's testimony in this case was presented in an adversarial setting where Defendant had the opportunity to confront and cross-examine his accuser. Defendant was present and represented by counsel, the trial judge was present, and this was a bench trial. The trial court made no ruling on the unavailability of the victim because no one raised an objection and asked it to do so. Thus, nothing exists for this court to review. Defendant's earlier objection to

the perpetuation of testimony as the equivalent of a preliminary examination was an objection to the State's perceived preferential treatment regarding preliminary examinations; it had nothing to do with the argument Defendant now makes. Defendant's first assignment of error was not preserved for review, and has no merit.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant argues that his crimes arise out of a single course of conduct and the trial court erroneously imposed his thirty-year sentence for aggravated burglary consecutively to his life sentence for aggravated rape without explanation or justification.

Louisiana Code of Criminal Procedure Article 883 states, in part, "[i]f the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." "[C]onsecutive sentences are not prohibited; rather, the trial court must specifically justify its imposition of consecutive sentences." *State v. Massey*, 08-839, p. 6 (La.App. 3 Cir. 12/10/08), 999 So.2d 343, 348.

The Second Circuit has stated:

> Among the factors to be considered [when imposing consecutive sentences] are the defendant's criminal history; the gravity or dangerousness of the offense; the viciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; the defendant's apparent disregard for the property of others; the potential for the defendant's rehabilitation; and whether the defendant has received a benefit from a plea bargain[.]
>
> When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. A

7

judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record.

*State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied,* 00-1572 (La. 3/23/01), 787 So.2d 1010 (citations omitted). In *Coleman*, the trial court recognized the general rule of La.Code Crim.P. art. 883 and then stated its reasons for imposing consecutive sentences. The second circuit found the record supported the sentencing order. *Coleman*, 756 So.2d 1218.

Nevertheless, the trial court's failure to articulate reasons for imposing consecutive sentences for crimes arising from a single course of conduct does not necessarily invalidate the sentences or their consecutive nature. In *State v. Bradley*, 02-1130, p. 6 (La.App. 5 Cir. 3/11/03), 844 So.2d 115, 118, the fifth circuit explained:

> We do note that LSA-C.Cr.P. art. 883 does not specifically require the trial court state reasons justifying the imposition of a consecutive sentence when the crimes arise out of a single course of conduct. Rather, the history of the jurisprudence reveals that the requirement for articulating specific reasons for imposing a consecutive sentence is based on LSA-C.Cr.P. art. 894.1, which requires a sentencing court to "state for the record the considerations taken into account and the factual basis therefore in imposing sentence." *State v. Franks,* 373 So.2d 1307, 1308 (La.1979). Over time, the Louisiana Supreme Court has found that the failure to articulate reasons for sentence pursuant to Article 894.1 does not require a remand when the sentence imposed is not "apparently severe" and there is an adequate factual basis for the sentence contained in the record. *State v. Robicheaux,* 412 So.2d 1313, 1319 (La.1982). Therefore, it logically follows that the failure to articulate specific reasons for imposing a consecutive sentence also does not require a remand if the record provides an adequate factual basis to support a consecutive sentence.

Here, the trial court did not specifically set out specific factors or cite cases at the sentencing hearing. Rather, he noted Defendant's criminal history and then stated that La.Code Crim.P. art. 883 allowed him to impose consecutive sentences.

The trial court commented that Defendant had "a Burglary conviction, Illegal Possession of Stolen Things conviction. I know there was a third conviction and possibly a fourth. Also, he was prosecuted as an Habitual Offender in New Orleans; was given a ten-year sentence following an Habitual Offender proceeding."

The trial court in this case did not specify any other particular reasons at the sentencing hearing to justify the imposition of consecutive sentences. However, he did note, "I gave my feelings, my reasons, and basis upon which I found Mr. McKeel guilty of Aggravated Rape, Aggravated Burglary and – Second-degree Battery … I'm not going to elaborate any further except, I guess, to reinforce what I said earlier. I just can't believe these things happened, but they did." In effect, the trial judge incorporated his findings on the guilty verdict at the sentencing hearing.

The testimony presented at trial and the reasons given by the trial court when he found Defendant guilty provided ample basis for consecutive sentences in this case. The underlying facts supporting the sentencing factors were well-known to the trial court and in the record when he imposed the consecutive sentences.

The record shows Defendant raped and brutally beat a ninety-four-year-old woman. The victim had a heart attack at the hospital after the ordeal. The trial court noted when he rendered the guilty verdict that what Defendant did to the victim was life-threatening, vicious, and heinous. Defendant had been out of prison only a short time when he committed these crimes, confirming that he was indeed an unusual risk of danger to the public. He showed complete disregard for the victim. As the State asked in its appellee brief, "[i]f [Defendant] could do this to a 94 year old woman who did nothing but ask that he do odd jobs for the community, who would he not attack?" The record supports a finding that the

potential for Defendant's rehabilitation is slight; Defendant apparently was not favorably influenced by his just-completed prison term for his prior multiple offender enhanced sentence. As the trial court noted when he announced his verdict, what Defendant did to the victim was inhumane; it defied logic. He commented further that Defendant "did subject [the victim] to physical violence, sexual violence, but there's also violence to her dignity. It's just unbelievable – violence to her psyche.'"

Accordingly, we find that the record as a whole adequately supports the trial judge's imposition of consecutive sentences for aggravated rape and aggravated burglary and concurrent sentence for second degree battery. Defendant's second assignment of error lacks merit.

## DISPOSITION

This court amends Defendant's sentence for aggravated rape to reflect that it is to be served at hard labor. Defendant's consecutive sentences for aggravated rape and aggravated burglary are otherwise affirmed as is his concurrent sentence for second degree battery.

**AFFIRMED AS AMENDED.**