# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-331

**STATE OF LOUISIANA**

**VERSUS**

**BLAINE KEITH LECOMPTE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8853-21
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHARON DARVILLE WILSON**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**AFFIRMED WITH INSTUCTIONS.**

**Stephen C. Dwight, District Attorney**
**David S. Pipes, Assistant District Attorney**
**Fourteenth Judicial District Court, Calcasieu Parish**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 991-9751**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Blaine Keith Lecompte**

**WILSON, Judge.**

Defendant, Blaine Keith Lecompte, pled guilty to one count of vehicular homicide, in violation of La.R.S. 14:32.1; and two counts of first degree vehicular negligent injuring, in violation of La.R.S. 14:39.2. The trial court sentenced Mr. Lecompte to twenty years at hard labor, five years without benefit of probation, parole, or suspension of sentence, for the vehicular homicide and five years on each count of negligent injuring to run concurrently with each other but consecutively with the vehicular homicide sentence. Mr. Lecompte now seeks review of his sentence. For the following reasons, we affirm.

## I.

## ISSUES

In this appeal, we must decide whether the trial court erred in sentencing Mr. Lecompte to serve the two, five-year concurrent sentences for first degree vehicular negligent injuring consecutively to the twenty-year hard labor sentence for vehicular homicide.

## II.

## FACTS AND PROCEDURAL HISTORY

On February 2, 2021, Mr. Lecompte was driving his vehicle on I-10 West with Mabel Sally and her two daughters as passengers. An eighteen-wheeler slowed down due to construction in the area, and Mr. Lecompte drove into the back of the truck at about seventy miles per hour. Upon questioning by state police, it was determined that Mr. Lecompte exhibited signs of impairment. It was later determined that he had a blood alcohol content of .11 grams as well as .2 nanograms per milliliter or less of the active THC metabolite from a blood draw taken several hours after the accident. The three-year-old passenger, Nina Sally, died as a result of the crash. The seven-year-old child suffered from a broken collarbone, and Mabel Sally suffered protracted loss to her foot.

On June 3, 2021, Mr. Lecompte was charged by bill of information with one count of vehicular homicide, in violation of La.R.S. 14:32.1; and two counts of first degree vehicular negligent injuring, in violation of La.R.S. 14:39.2.  On February 27, 2023, Mr. Lecompte pled guilty to all charges.

On July 21, 2023, the trial court sentenced Mr. Lecompte to twenty-five years for vehicular homicide; and five years each for the two counts of vehicular negligent injuring.  The two counts of vehicular negligent injuring were to be served concurrently with each other but consecutively to the vehicular homicide charge, for a total of thirty years of incarceration.  On August 17, 2023, Mr. Lecompte filed a motion to reconsider sentence, and following a hearing on October 13, 2023, the trial court resentenced Mr. Lecompte to twenty years for vehicular homicide.  The two counts of vehicular negligent injuring were still to be served concurrently with each other but consecutively to the vehicular homicide charge, for a total of twenty-five years of incarceration.

On October 25, 2023, the State filed a motion to correct illegal sentence. Following a hearing on November 6, 2023, the trial court modified the sentence to specify that five years of the twenty-year sentence for vehicular homicide must be served without benefit of probation, parole, or suspension of sentence.  Mr. Lecompte filed a motion for appeal of sentence which was granted by the trial court on November 29, 2023.

III.

**LAW AND DISCUSSION**

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find that there are two errors patent.

First, for the crime of vehicular homicide, La.R.S. 14:32.1 carries a mandatory

2

fine of not less than two thousand dollars nor more than fifteen thousand dollars, which was not imposed at sentencing. The failure to impose a mandatory fine resulted in an illegally lenient sentence. However, we find that no further action is required. In *State v. Brown*, 19-771 (La. 10/14/20), 302 So.3d 1109 (per curiam), the supreme court found that the court of appeal erred in vacating an illegally lenient sentence absent any complaint by the State. In the present case, the State has not lodged any complaint regarding Mr. Lecompte's sentence. Accordingly, we will not disturb the trial court's imposition of sentence.

Secondly, we find that the trial court did not accurately advise Mr. Lecompte as to the period for filing post-conviction relief. Mr. Lecompte was advised several times that he had two years from the sentence becoming final to file for post-conviction relief. According to La.Code Crim.P. art. 930.8(A) (emphasis added), the time period for filing post-conviction relief is "two years after *the judgment of conviction and sentence* has become final[.]" Thus, the advice given at sentencing was only partially accurate. The trial court is instructed to inform Mr. Lecompte of the correct provisions of article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Mr. Lecompte received the notice in the record of the proceedings. *State v. Green*, 21-14, 21-15 (La.App. 3 Cir. 10/27/21), 329 So.3d 917.

## CONSECUTIVE SENTENCES

In his first and only assignment of error, Mr. Lecompte asserts that his convictions all arise from the same conduct and that the trial court abused its discretion by sentencing him to serve the two, five-year sentences for first-degree vehicular negligent injuring consecutively to the twenty-year hard labor sentence for vehicular homicide, for a total of twenty-five years. He specifically notes that the trial court erred in not articulating a particular justification for ordering consecutive sentences.

3

In support of his argument, Mr. Lecompte cites *State v. Fulks*, 23-221 (La.App. 3 Cir. 1/31/24) (unpublished opinion) (2024 WL 359072) which quotes *State v. Walker*, 00-3200, p. 1 (La. 10/12/01), 799 So.2d 461, 461–62 for the proposition that the imposition of consecutive sentences for acts arising out of the same conduct are only justified when the offender poses "a grave risk to the safety of the community." Mr. Lecompte asserts that the circumstances of this case do not justify the assessment that he poses a "grave risk" and points out that he is not a habitual drinker who never learns from his mistakes; his last conviction was for burglary of a building in 2007; prior to this case he had never been arrested for alcohol-related offenses, drug offenses, sex offenses, or aggravated offenses; and this criminal conduct was the result of circumstances unlikely to recur. He argues that absent justification that he poses a "grave risk to the safety of the community," the imposition of concurrent sentences is required.

Pursuant to La.Code Crim.P. art. 881.1(E),

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Although Mr. Lecompte raised the trial court's failure to articulate relevant sentencing factors in his motion to reconsider sentence, Mr. Lecompte did not raise any claims pertaining specifically to the consecutive nature of his sentence, which is his only claim on appeal. Because Mr. Lecompte's claim that the trial court erred in imposing consecutive sentences was not set forth in the motion to reconsider sentence, this court finds consideration is barred pursuant to La.Code Crim.P. art. 881.1(E), and our review is restricted to a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

4

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042–43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:
>
>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-0452 (La. 9/26/14), 149 So.3d 261 (first alteration in original).

Although Mr. Lecompte's claims regarding the consecutive nature of his sentences were not raised in the trial court and not preserved for review, "a general review of the consecutiveness is necessary in evaluating the excessiveness of the sentences." *State v. Blunt*, 16-220, p. 32 (La.App. 3 Cir. 9/28/16), 201 So.3d 358, 377.

Louisiana Code of Criminal Procedure Article 883 provides, in relevant part, that "[if] the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." "[C]onsecutive sentences are not prohibited; rather, the trial court must specifically justify its imposition of consecutive sentences." *State v. Massey*, 08-839, p. 6 (La.App. 3 Cir. 12/10/08); 999 So.2d 343, 348. "The factors to consider when imposing consecutive sentences include defendant's criminal record, the severity or violent nature of the offenses, or the danger the defendant poses to the public." *State v. Wallace*, 11-1258, p. 14 (La.App. 3 Cir. 5/30/12); 92 So.3d 592, 602, *writs denied*, 12-1861, 12-1865 (La. 3/8/13), 109 So.3d 355. "[T]he trial court's failure to articulate reasons for imposing consecutive sentences for crimes arising from a single course of conduct does not necessarily invalidate the sentences or their consecutive nature[,]" nor does it require a remand "if the record provides an adequate factual basis to support a consecutive sentence." *State v. McKeel*, 13-855, p. 8 (La.App. 3 Cir. 2/12/14), 153 So.3d 1029, 1033-34 (quoting *State v. Bradley*, 02-1130, p. 6 (La.App. 5 Cir. 3/11/03), 844 So.2d 115, 118).

6

The trial court, at the original sentencing hearing, provided the following reasons:

> Quite honestly, I was at a loss as to what we were going to have a hearing on for a sentencing. I know sentencing hearings are hearings where the Court hears information to consider when it comes to sentencing. I wondered what the State Police were going to tell me, wondered what investigators were going to tell me, wondered what an expert was going to tell me. But now I know why.
>
> Evidently this is one of those crimes to where it's not just that he was careless on the highway. A lot more dynamics going on there. I-- I just--I'm just in awe that--of the--just trying to think about the impact. If he never even touched the brakes going 70 miles an hour, wow.
>
> [Defense counsel], all due respect, that's a little more than just being careless. A little more than just being unmindful. A little more than just being reckless. That's almost intentional, almost purposeful. Like I said, I'm just still reeling from the information overload.
>
> All considered, this is a situation that obviously is not your run-of-the-mill, if there is such a thing, vehicular negligent injuring. This just wasn't a mistake. This wasn't someone having a few beers and going over the line. This is someone that was really out of it with a woman and her two children. This is a horrible situation.

Additionally, the trial court provided the following reasons at the resentencing hearing:

> You know, since my sentencing on this matter, I--have been thinking about the sentence that I handed down in this matter. 25 years is near the maximum that is allowable under the statute to which he pleaded to. I really believe that if I do not amended [sic] this sentence somewhat, I really believe that, on appeal, that the Third Circuit--the tenor of the Third Circuit, as it exists at this time, would probably remand this matter back for a resentencing.
>
> My hesitancy is, of course, is that it would appear as a slap in the face for the victims of this family. I still can't get over the fact that a young child was - - denied the existence, and we have too much of that.
>
> . . . .
>
> But again, I'm still--and--and quite honestly, we did not have to go to trial in this matter, we did not have to have testimony from the victims, the surviving victims. He's accepted responsibility for this, although I'm not 100 percent convinced that it's true acceptance or just regret. And I have a feeling, even with an amendment of sentence, I'm not going to make everybody happy here. But of course, that's what I--if I don't make everybody happy, I guess that's--I've done a better job.

7

In the instant case, the trial court did not distinguish between its reasons for the length of sentences and its reasons for the consecutiveness of sentences, either at sentencing or during the resentencing hearing, and its justification for sentence was brief and nonspecific. The sentencing hearing, however, introduced significant amounts of evidence into the record which can be used to determine whether there was justification for the imposition of consecutive sentences. Regarding the severity of the offense, Mr. Lecompte had a blood alcohol concentration of between 0.142 and 0.200, acquired from drinking seven or more sixteen-ounce cans of beer prior to entering the vehicle and driving across state lines with a mother and her two young children in the vehicle. He also had marijuana in his system, which due to the cross interactions would increase the impairment of both substances. Of particular note is the fact that Mr. Lecompte was driving over seventy miles per hour in a construction zone and never hit his brakes before colliding with an eighteen-wheeler. Further, Mr. Lecompte initially attempted to frame the mother for his own actions whilst showing no apparent concern for the children trapped in the backseat of a smoking car.

Regarding the harm done to the victims, the three-year-old child died, the seven-year-old sustained a broken collar bone and has significant lasting social issues, and Mabel Sally, the mother of the two children, was mangled such that her foot was practically severed from her ankle. As to Mr. Lecompte's criminal history, he is not a first-time offender. His record includes a felony conviction for burglary in 2007 along with a thick rap sheet. Moreover, at the time of the accident, Mr. Lecompte was driving on a suspended license and, while his bill of information for the docket in the instant case only charged him with first degree vehicular negligent injuring and vehicular homicide, a separate docket included charges for improper child restraint as well as driving under suspension. For these reasons and because

8

Mr. Lecompte is restricted to a bare bones excessiveness review on appeal, this court finds that the record supports the trial court's imposition of consecutive sentences.

Pursuant to La.R.S. 14:32.1(B), the sentencing range for vehicular homicide, when the operateor's blood alcohol concentration is less that .15 percent is imprisonment with or without hard labor for not less than five years nor more than thirty years, with at least three years of the sentence to be served without probation, parole, or suspension of sentence. Pursuant to La.R.S. 14:39.2(D), the maximum sentence for first degree vehicular negligent injuring is five years. Even with Mr. Lecompte's consecutive sentences, he still did not receive the maximum sentence for the crime of vehicular homicide. Considering the specific circumstances of this case, especially the death of a three-year old child, it cannot be said that Mr. Lecompte's sentence is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that it is nothing more than a needless imposition of pain and suffering. As such, we find that Mr. Lecompte's sentence is not excessive, and the trial court did not abuse its discretion in ordering the sentences to be served consecutively.

IV.

**CONCLUSION**

For the foregoing reasons, the conviction and sentence of Defendant, Blaine Keith Lecompte, is affirmed. The trial court is instructed to correctly inform Mr. Lecompte of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Mr. Lecompte received the notice in the record of the proceedings.

**AFFIRMED WITH INSTUCTIONS.**

9